**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Estel OWEN, Defendant-Appellant.**

No. 78-1273.

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1978.

J. Bradford Shiley, Jr., Portland, Or., for defendant-appellant.

Kenneth A. Bauman, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and GRANT,* District Judge.

GRANT, District Judge:

This appeal follows the denial of a motion to dismiss an indictment charging the distribution of cocaine. The dismissal was sought as a punitive measure against the government for alleged misconduct on the part of an agent of the Drug Enforcement Administration (DEA). Defendant Owen was arrested in April 1977 for the sale of cocaine as the result of the cooperation of a DEA informant. On 28 April 1977 a grand jury returned a four-count indictment charging Owen in Counts I, II, and III, with distribution of cocaine. Count IV charged Owen with possession with intent to distribute cocaine, all in violation of 21 U.S.C. § 841(a)(1). Owen originally pleaded not

guilty but later, on 14 June 1977, changed his plea to guilty to Count I of the indictment pursuant to a plea bargain agreement wherein the government recommended that the defendant should not receive a sentence in excess of five years. On 1 August 1977 the trial court sentenced Owen to five years, a $12,500 fine, and a special parole term of three years, following which the court dismissed Counts II, III, and IV.

On 22 September 1977, four days prior to the date he was to report to the federal prison, defendant filed a motion to dismiss the indictment, together with a supporting affidavit alleging gross governmental misconduct, or in the alternative, to reduce his sentence. In support of the motion, Owen alleged certain contacts with DEA Agent Richard Horn, during the time period between his change of plea and the date of sentencing. Defendant contended that Horn interfered with his right to counsel by pressuring him to supply incriminating information against one of Owen's lawyers, a D. Lawrence Olstad. The "pressure" consisted of alleged promises that if Owen complied, he would not have to go to prison and that if Owen failed to cooperate, the plea bargain would be voided. On 3 October 1977, after defendant started serving his sentence, defendant's counsel requested the court to issue a writ of *habeas corpus ad testificandum* calling for defendant's presence at an upcoming hearing on his motion to dismiss the indictment. That request was denied and defendant asserts this as reversible error. On 11 October 1977 a hearing on the motion to dismiss resulted in its denial and the present appeal. At this hearing Owen's other counsel, J. Bradford Shiley, testified that he had not known of the DEA action at the time the plea bargain was negotiated, that he had not brought up any alleged improprieties at the sentencing even though he knew of their existence, and that "No man who has ever appeared here deserves five years more than Owen does". Furthermore, it was

---

* Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

shown that Olstad allowed the DEA to meet with his client and that the U. S. Attorney had not engaged in any impropriety.

The issues this court faces are whether the defendant established a level of governmental misconduct such that it was trial court error to deny a motion to dismiss the indictment and, secondly, whether the trial court abused its discretion in denying a writ of *habeas corpus ad testificandum*, thereby preventing defendant from testifying at the hearing on his motion to dismiss.

1. *Gross Governmental Misconduct*

■ Under its inherent supervisory powers, a federal court is empowered to dismiss an indictment on the basis of governmental misconduct. *See generally United States v. Baskes*, 433 F.Supp. 799, 804–07 (N.D.Ill. 1967). As such, dismissal is used as a prophylactic tool for discouraging future deliberate governmental impropriety of a similar nature. *Elkins v. United States*, 364 U.S. 206, 217, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); *United States v. Houghton*, 554 F.2d 1219, 1224 (1st Cir. 1977), *cert. den.*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). However, these supervisory powers "remain a harsh, ultimate sanction [which] are more often referred to than invoked." *United States v. Baskes*, 433 F.Supp. at 806. *Cf. United States v. Russell*, 411 U.S. 423, 431–32, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973) ("[W]e may someday be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction").

■ Owen does not quarrel with the general proposition that the dismissal of an indictment on the basis of governmental misconduct is an extreme sanction which should be infrequently utilized; however, he argues that the significant misconduct of the DEA justifies such relief. This court notes the seriousness of the charge that a DEA agent was interfering with the defense of an alleged drug violator. However, in the case at bar, defendant has failed to substantiate that charge.

Owen is unable to show any prejudice resulting from this misconduct. His opening brief candidly admits that he is guilty of the crime alleged and that the misconduct was directed at individuals other than Owen. However, because the bulk of the impropriety was directed at Olstad, Owen claims that prejudice should be presumed as to the attorney-client relationship "Although it is difficult to point to the prejudice through any type of logical analysis . . . ."

It is not difficult to imagine that similar conduct could have a devastating effect on a defendant's Sixth Amendment right to counsel. If Olstad were Owen's only attorney, this might be a different case; however, Shiley also acted as defense counsel and was without knowledge of the misconduct until just before sentencing. More importantly, the plea bargain (which is not claimed to be unfair in any respect) was negotiated before the alleged misconduct occurred. Therefore, it appears that the bargain was free of any taint.

Nevertheless, some courts have suggested that the exercise of a court's supervisory powers is not contingent on a showing of prejudice. For example, the D.C.Circuit recently stated that "serious prosecutorial misconduct may so pollute a criminal prosecution as to require dismissal of the indictment . . . , without regard to prejudice to the accused." *United States v. McCord*, 166 U.S.App.D.C. 1, 16, 509 F.2d 334, 349 (1974), *cert. den.*, 421 U.S. 930, 95 S.Ct. 1656, 44 L.Ed.2d 87 (1975). *Accord United States v. Banks*, 383 F.Supp. 389 (D.S.D.1974). However, under the better view, which we adopt, other courts have demanded that there be some prejudice to the accused by virtue of the alleged acts of misconduct. An example of this position is *United States v. Acosta*, 526 F.2d 670, 674 (5th Cir.), *cert. den.*, 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976), a case reversing a district court's dismissal for outrageous prosecutorial misconduct and stating:

Defendants are entitled to take advantage of any error which prejudices their

case but they are not entitled to a reward for such conduct unless it could have had at least some impact on the verdict and thus redounded to their prejudice.

*Accord United States v. Serlin,* 538 F.2d 737, 749 (7th Cir. 1976); *United States v. Crow Dog,* 532 F.2d 1182, 1196–97 (8th Cir.), *cert. den.,* 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 772 (1977).

Even in the face of a "no prejudice" rule, a dismissal would not be required. As *McCord* states, a reversal may be appropriate where misconduct "pollutes" a prosecution. Here, there was no such effect on the proceedings. In fact, Owen cannot point to any effect beyond the vague claim of a strain in his relationship with Olstad. Accordingly, the district court did not err in denying the motion to dismiss the indictment.

### 2. *The Writ*

The denial of a writ of *habeas corpus ad testificandum* will be reversed on appeal only where a district court has committed an abuse of discretion. *Ballard v. Spradley,* 557 F.2d 476, 480–81 (5th Cir. 1977).

Given that Owen had submitted substantial (and uncontroverted) affidavits in support of the motion to dismiss and that there was no indication that Owen could add anything to those affidavits through his personal testimony, the need for Owen's presence was not shown. Accordingly, the district court did not abuse its discretion in refusing to grant the writ to allow Owen's presence at the hearing.

AFFIRMED.