UNITED STATES of America, Plaintiff,

v.

Charles Warren BEELER, Defendant.

No. CR–R–80–27–ECR.

United States District Court,
D. Nevada.

Aug. 6, 1980.

B. Mahlon Brown, U. S. Atty. and Philip M. Pro, Asst. U. S. Atty., Reno, Nev., for plaintiff.

Jerome M. Polaha and John L. Conner, Reno, Nev., for defendant.

## ORDER

REED, District Judge.

In two separate motions filed on July 11, 1980, the defendant Charles W. Beeler has moved to dismiss the indictment in this action. Firstly, defendant contends that the Court is without jurisdiction in this action brought pursuant to the Travel Act, 18 U.S.C. § 1952, in that the interstate travel alleged in connection with the criminal conduct set forth in the indictment was incidental to the alleged conspiracy to commit arson. It is the Court's view that under the law of this circuit as found in *United States v. Ryan*, 548 F.2d 782 (9th Cir. 1976), § 1952 has correctly been applied to this action in that the facts alleged here indicate a sufficient connection between the interstate travel and the underlying criminal act alleged in the indictment.

Defendant next challenges the sufficiency of the instant indictment by claiming that the indictment is constitutionally defective in failing to aver necessary facts to allow preparation of a defense or prevent a second prosecution based on the same incident. It is the Court's finding that the indictment herein, while hardly an example of a model pleading, is sufficient to inform the defendant of the nature of the charge against him and to enable him to prepare a defense thereto. It is equally clear that the indictment has pleaded facts and events with the requisite degree of specificity as to prevent the defendant from later being placed in jeopardy for the same offense.

Finally, the defendant urges the Court to dismiss the indictment upon exercise of the Court's inherent supervisory power as first adopted in this circuit in *United States v. Owen*, 580 F.2d 365 (9th Cir. 1978) on the grounds that extraneous and inflammatory material was presented to the indicting grand jury in this action. The defendant's claims in this regard involve statements made by two witnesses appearing before the grand jury in order to give testimony in this cause. Said statements, purportedly unrelated and derogatory, were apparently unsolicited comments about the defendant Beeler.

In recent years the Ninth Circuit has become more willing to review serious allegations involving prosecutorial misconduct and to dismiss an indictment where such action is necessary "to protect the integrity of the judicial process." *United States v. Chanen*, 549 F.2d 1306, 1308 (9th Cir. 1977). Such dismissals have been based either on constitutional grounds, *United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974), or on the court's inherent supervisory power, *United States v. Owen, supra, United States v. Samango*, 607 F.2d 877 (9th Cir. 1979), or

**428**

both, *see United States v. DeMarco*, 401 F.Supp. 505 (C.D.Calif.1975), *United States v. Roberts*, 481 F.Supp. 1385 (C.D.Calif. 1980).

While the Supreme Court has not yet announced a general rule regarding application of the Court's inherent supervisory authority, "Numerous rationales have been advanced to explain the nature and scope of the somewhat sparingly used supervisory authority, but it is generally conceded '. . . that the court's are primarily concerned with protecting the judicial process from the stigma of illegal or unfair government conduct.' " *United States v. Narciso*, 446 F.Supp. 252, 302 (E.D.Mich.1976).

 It is also important to note that the drastic nature of the harsh remedy provided by the Court's exercise of its supervisory powers in dismissal of an indictment based on prosecutorial misconduct ". . . renders it essential that they not be applied indiscriminately to remedy every prosecutorial misstep." *United States v. Dondich*, 460 F.Supp. 849 (N.D.Calif.1978). As such, the policy of the federal courts is that of reluctance to interfere in the orderly functioning of grand jury proceedings and the rule in the Ninth Circuit as found in *United States v. Chanen*, 549 F.2d 1306 (9th Cir. 1977), is that:

> Nevertheless, given the constitutionally–based independence of each of the three actors–court, prosecutor and grand jury–we believe a court may not exercise its 'supervisory power' in a way which encroaches on the prerogatives of the other two unless there is a clear basis in law and fact for doing so. *Id.*, at 1313.

In *United States v. Kennedy*, 564 F.2d 1329 (9th Cir. 1977), the court in further elaborating upon the circumstances under which the court may exercise its inherent supervisory power in situations similar to the case at bar stated that:

> We believe that the rule to be distilled from the authorities discussed must be that only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge

dismiss an otherwise valid indictment returned by an apparently unbiased grand jury. *Id.*, at 1338.

 The movant here has conceded that ". . . this case does not involve the flagrantly abusive prosecutorial tactics that have fostered judicial intervention in some instances." While prosecutorial misconduct occurring before a grand jury which is sufficiently egregious to support dismissal on an indictment need not be intentional, *United States v. Samango, supra*, it is clear that the alleged improprieties occurring before the indicting grand jury in this case were not of such a serious and flagrant nature as to justify the court's exercise of its inherent supervisory power at this time. There is simply not a sufficient basis either in law or fact for doing so.

IT IS HEREBY ORDERED that defendant's motions to dismiss as filed July 11, 1980, be DENIED.