CHOY, Circuit Judge:
This is a consolidated appeal from the district court’s denial of a motion to dismiss the indictment on the ground of vindictive, prosecution. The question on this appeal is whether a case of vindictive prosecution is established when the Government threatens a defendant with enhanced charges if he exercises his right to request a change of venue and then does enhance the charges even though the Government subsequently dismisses several of the charges. We find that a vindictive prosecution case is established and reverse the decision of the district court and remand for dismissal of the superseding indictment.
I. Facts
Hollywood Motor Car Company, Inc., Frederic Bernstein, and Terrance Quatkemeyer (“appellants”) were indicted in the Eastern District of Kentucky on two counts: conspiracy and wrongful receipt and transportation of an unlawfully imported Ferrari automobile.[1] The conspiracy count alleged as overt acts four false statements to customs agents in connection with four Ferraris. The two counts carried a possible combined penalty of 10 years and $20,000 in fines.
Appellants moved for a change of venue to the Central District of California. Before the motion was heard, an Assistant United States Attorney and a United States Customs Agent threatened that the Government would add new counts to the indictment if appellants pursued their motion for change of venue.[2] Appellants pressed the motion, however, and obtained a change of venue.
Appellants were rearraigned in the Central District of California. Four days later, an Assistant United States Attorney obtained a superseding indictment, charging appellants with four new substantive counts of making false statements, as well as the two counts in the original indictment. The new indictment exposed appellants to a possible 18 years imprisonment and $40,000 in fines.[3]
At a subsequent status conference to discuss pretrial motions, appellants advised the *386 court and the Government that they intended to challenge the indictment on the ground of vindictive prosecution. The Assistant United States Attorney conceded that prosecutors from the Eastern District of Kentucky had requested the superseding indictment but she stated that she was already considering dismissing several of the counts before the status conference was held.[4]
On the day after the status conference, the Government moved to dismiss the original conspiracy count and two of the four new counts relating to the false statements. The district court dismissed the counts on May 8, 1980, and set trial for June 17, 1980.
On May 19, 1980, appellants moved to dismiss the indictment for vindictive prosecution. After a hearing, the district court denied the motion, without stating its reasons. Appellants Hollywood Motor Car and Frederic Bernstein and appellant Terrance Quatkemeyer filed separate notices of appeal from the denial of the motion. At their request, the district court vacated the trial date. The Government requested that the district court set trial for the next available date and filed an emergency motion for summary affirmance of the district court’s order. An expedited briefing schedule was imposed by order of this court on July 3, 1980. The Government also moved to consolidate the two appeals. On August 5, 1980, this court granted the Government’s motion to consolidate but denied its motion for summary affirmance.
II. Jurisdiction
This court has held that the denial of a motion to dismiss based on the ground of vindictive prosecution is immediately appealable as a final decision under 28 U.S.C. § 1291. United States v. Burt, 619 F.2d 831, 835 (9th Cir. 1980); United States v. Griffin, 617 F.2d 1342, 1343-46 (9th Cir.) cert. denied,-U.S.-, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980).
III. Vindictive Prosecution Charge
The right to due process of law is violated where the Government increases the severity of alleged charges in response to the exercise of constitutional or statutory rights. Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); United States v. Burt, supra, at 836; United States v. DeMarco, 550 F.2d 1224, 1227 (9th Cir.), cert. denied, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977). Vindictive prosecution is generally found where the Government has occasion to re-indict or re-try a defendant after the exercise of a procedural right. United States v. Burt, supra, at 836.
In United States v. DeMarco, supra, this court held that a defendant’s due process rights are violated where the Government threatens to increase the severity of the charges against him to discourage exercise of his venue rights. The record before us is akin to that which was before the court in DeMarco. In DeMarco, the defendant was indicted in the District of Columbia in connection with his activities relating to preparation of former President Nixon’s income tax returns. DeMarco moved for a change of venue to the district of his residence in California and the motion was granted. The defendant’s counsel then received a call from counsel for the Government informing him that the Government was considering filing a motion for reconsideration of the *387 order of transfer, that if the defendant successfully transferred his case the Government would consider bringing more counts against him and that the Government would “restructure” the case against him if it were moved. The trial was moved and shortly thereafter, the Government obtained a second indictment in California which added a new charge based upon essentially the same facts as the initial indictment. The court held that a claim of vindictive prosecution had been established and ordered the indictment dismissed. The court held that “it was not constitutionally permissible for the Government to threaten to ‘up the ante’ to discourage DeMarco from exercising his venue right; a fortiori it was constitutionally impermissible to follow up that threat with the California indictment.” DeMarco, supra, at 1227-28.
The present case is very similar to DeMarco. The United States Attorney in Kentucky threatened appellants with increased charges if they pursued their motion for a change of venue. Notwithstanding this threat, appellants went forward with their motion and were successful in obtaining an order transferring their case to California. The Assistant United States Attorney in California then obtained a new indictment from the grand jury at the request of the United States Attorney’s Office in Kentucky. The new indictment charged the appellants with four new counts in addition to the two they had faced under the original Kentucky indictment. While this case differs somewhat from DeMarco, the differences are not sufficient to require a different result.
This case involves two separate prosecutors’ offices — the United States Attorney’s Office in Los Angeles and the United States Attorney’s Office for the Eastern District of Kentucky. The DeMarco case involved the Watergate Special Prosecution Force and not two different United States Attorneys’ Offices. In United States v. Burt, 619 F.2d 831 (9th Cir. 1980), this court noted, but specifically declined to decide whether vindictive prosecution could apply where there are two independent prosecutors’ offices involved.[5] The court further noted that all other cases finding vindictive prosecution involved a single prosecutor’s office. Venue-change cases will almost always involve two independent prosecutorial bodies. We find that the DeMarco court holding applies in cases involving separate prosecutors’ offices. To hold otherwise would unreasonably restrict the application of DeMarco and the protection of defendant’s venue rights to a very small number of cases.
The Government contends that this court should analyze this case under the rationale advanced and used in other Ninth Circuit cases, including United States v. Rusega-Martinez, 534 F.2d 1367 (9th Cir. 1976), United States v. Burt, supra, and United States v. Griffin, supra. Those cases did not involve express threats but rather situations in which it was the sequence of events which gave rise to an appearance or apprehension of vindictiveness by the defendant. Under the rule developed in those cases, when a defendant attempts to have the charges dismissed based on the allegation of vindictive prosecution, he must make the initial showing of an appearance of vindictiveness.
At this point, the burden then shifts to the prosecution to prove that the increase in the severity of the charges did not result from any vindictive motive. Instead, the prosecutor, to rebut the presumption, must show his decision to re-indict with more severe charges was “justified by independent reasons or intervening circumstances which dispel the appearance of vindictiveness.”
United States v. Burt, supra, at 836, quoting United States v. Griffin, supra, at 1347 (citations omitted). This analysis has been used in cases decided both before and after DeMarco in which the sequence of events gives rise to an appearance of vindictive *388 ness. This case, however, involves an undisputed express threat and is controlled by the holding and reasoning in United States v. DeMarco.
The Government argues that it should be allowed to proceed under the current indictment because some of the additional charges were subsequently dismissed and the total possible sentence length now faced by each appellant is shorter than that he formerly faced in Kentucky.[6] As the appellants note, however, they must now defend against three counts instead of two, and the district judge has observed that the Government may have a better chance of obtaining a conviction on the counts as restructured. The fact that the Los Angeles prosecutors subsequently dropped some of the additional charges does not change the result. The court in DeMarco stated:
It is irrelevant that a particular defendant exercises his statutory rights, despite his fear of vindictiveness and despite the lack of vindictiveness in fact in subsequent proceedings instituted by the prosecutor. The prophylactic rule is designed not only to relieve the defendant who has asserted his right from bearing the burden from “upping the ante” but also to prevent chilling the exercise of such rights by other defendants who must make their choices under similar circumstances in the future.
DeMarco, supra, at 1227. Under this rationale the subsequent dismissal of some of the added charges does not preclude the establishment of a charge of vindictive prosecution.
We hold that this case falls under this court’s ruling in United States v. DeMarco, supra. The Kentucky prosecutors threatened the defendants with additional charges if they exercised their right to a change of venue; the defendants nonetheless requested and received the change and the Kentucky prosecutors then had the Los Angeles prosecutors file additional charges. These actions establish a case of vindictive prosecution and the Government has lost its right to proceed against the defendants on these charges.
IV. Remedy
We have found that vindictive prosecution has been established and the Government cannot proceed to trial on the added charges. The only remaining issue concerns the ability of the Government to proceed against appellants on the original Kentucky charges.[7] Appellants ask that all of the remaining indictment counts be dismissed, arguing that to allow the Government to proceed under the original indictment would undermine the intended deterrent effect of the DeMarco rule. The court in DeMarco was not faced with the issue of whether the threat and the appearance of vindictive prosecution should preclude the Government from proceeding to trial on the original charges. In that case the original indictment charge was dismissed during the course of trial on grounds unrelated to the vindictive prosecution issue and was not involved in the appeal.
We are unable to find any Ninth Circuit cases squarely on point. But in United States v. Morrison,-U.S.-, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), the Supreme Court restated the general rule that remedies should be tailored to the injury suffered from the violation and should not unnecessarily infringe on competing interests such as society’s interest in the administration of criminal justice. Id. 101 S.Ct. at 667. In United States v. Owen, 580 F.2d 365 (9th Cir. 1978), this court observed that the dismissal of an indictment on the basis of governmental misconduct is an extreme *389 sanction which should be infrequently utilized. The court stated:
Under its inherent supervisory powers, a federal court is empowered to dismiss an indictment on the basis of governmental misconduct. As such, dismissal is used as a prophylactic tool for discouraging future deliberate governmental impropriety of a similar nature. However, these supervisory powers “remain a harsh, ultimate sanction [which] are more often referred to than invoked.” (Citations omitted.)
Id. at 367.
In Morrison, the Supreme Court refused to dismiss the indictment despite assuming that the government agents had violated the defendant’s sixth amendment right to counsel. The Court noted that “the record before us does not reveal a pattern of recurring violations ... that might warrant the imposition of a more extreme remedy in order to deter further lawlessness.” United States v. Morrison, supra, 101 S.Ct. at 667 n.1. A careful examination of the record in this case reveals no such pattern of recurring violations.
While we deplore the tactics and actions of the prosecutor and custom’s agent in threatening the appellants with increased charges, we do not feel that the actions are sufficient to require the invocation of such an extreme sanction as dismissal of the original “untainted” Kentucky charges.
V. Conclusion
Under United States v. DeMarco, appellants have established a claim of vindictive prosecution. The decision of the district court is reversed and the case is remanded for the dismissal of the superseding indictment and reinstatement of the original two-count Kentucky indictment.[8]
REVERSED and REMANDED, with directions.

. Count One alleged a conspiracy in violation of 18 U.S.C. § 371 and Count Two alleged the receipt, transportation and sale of unlawfully imported merchandise in violation of 18 U.S.C. § 545.

. James R. Hartke, attorney for appellant Quatkemeyer, filed an affidavit before the district court stating that he was told by a United States Customs Agent and a United States Attorney in Kentucky in at least two separate telephone conversations that if his client were to file a motion for change of venue from the Eastern District of Kentucky to the Central District of California there would be ensuing additional counts and/or indictments against both Bernstein and Quatkemeyer. The Government filed no counteraffidavit and apparently acknowledges that these threats were made.

 The new indictment realleged the conspiracy count verbatim, restructured Count Two so as to charge unlawful importation of merchandise in violation of 18 U.S.C. § 545 (as opposed to the receipt, transportation and sale of unlawfully imported merchandise charged in the Kentucky indictment), and added four new counts alleging violations of 18 U.S.C. § 542. The new counts alleged that appellants introduced four automobiles into the commerce of the United States by the use of false statements. These false statements were alleged as overt acts supporting the conspiracy count in the original indictment.

. The Government related these events in its brief in relevant part:
All of the steps that were taken later that week to pare down and simplify the case were already under discussion and consideration by the Government before the start of the hearing on May 5, before the Government had heard defense counsel’s remarks concerning the various motions to dismiss. The suggestion that with respect to the conspiracy count the Government was responding to an unfiled motion to dismiss that count is belied by the Government’s statement at the hearing that as of May 5, it had not yet seen any such motion. In any event, the Government’s declaration filed in opposition to the vindictive prosecution motion establishes that the Government had hoped to dismiss the conspiracy count even before it sought the Superseding Indictment, and thus before it had notice of a motion to dismiss that count.

. Burt involved two independent prosecutorial bodies — the United States and the State of California.

. The current indictment contains three counts. Two counts allege violations of 18 U.S.C. § 542, introducing automobiles into the commerce of the United States by the use of false statements, and one count alleging unlawful importation of merchandise in violation of 18 U.S.C. § 545. Appellants face a possible nine years in prison under this indictment as opposed to a possible 10 years under the Kentucky indictment.

. The original indictment charged one count of conspiracy and one count of receipt, transportation and sale of unlawfully imported merchandise.

. This ruling in no way precludes the district court from permitting a dismissal of either of these counts.