**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Carlos G. BALLIVIAN, Defendant-Appellant.**

**No. 86–6008**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 12, 1987.

Robert G. Amsel, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., William F. Jung, David O. Leiwant, Linda C. Hertz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Defendant was indicted in S.D. Florida on a charge of violating 31 U.S. §§ 5316(a)(1) and 5322(a), for failure to file Customs Form 4790, relating to exporting currency in excess of $10,000. He pleaded guilty pursuant to a plea agreement.

Several weeks before defendant was scheduled to be sentenced an assistant United States attorney assigned to the Gulf Coast Drug Task Force of the U.S. Attorney's office in S.D. Texas, at Houston, but not assigned to the prosecution of this case, sent to the Florida trial judge a three-

page letter and a transcript of a suppression hearing conducted in S.D. Texas. These documents purported to describe activities of defendant and his family in extensive money laundering and possible involvement in cocaine transportation. The letter invited the court to contact the sender for additional information. The sender did not furnish a copy of the letter to defendant or his counsel or notify either that it had been sent.

Shortly before sentencing, the assistant U.S. attorney in S.D. Florida learned of the ex parte communication with the court. Minutes before sentencing he hand delivered a copy of the letter to defense counsel. In light of these developments the court rescheduled the sentencing date. Defense counsel told the court that after he found out about the letter he discussed the matter by telephone with the sender who told him that the failure to send him a copy of the letter was not an oversight.

Defendant moved that the court not consider the material in the letter; that the district judge assigned to the case be recused and the case be reassigned to another judge for sentencing; that an evidentiary hearing be held; and that the assistant U.S. attorney in Texas be ordered to show cause why he should not be disciplined. At some point the assistant U.S. attorney in S.D. Florida reproved the Texas attorney.

The court conducted an evidentiary hearing on defendant's motions. The defendant stated that he did not desire to put on evidence. The district judge told those at the hearing that, in addition to his receiving the written communication, an unknown woman from the government came from Houston to talk with him about the case (the assistant U.S. attorney who sent the letter was male).

The Florida assistant U.S. attorney acknowledged that the actions of the government were improper and apologized to the court. The district judge granted the motion for recusal but denied the motion to discipline the Texas assistant, saying that instead he would chastise him in a letter. The record does not disclose whether this was ever done.

The case was randomly reassigned to another district judge. Defendant then filed a motion to dismiss the indictment for governmental misconduct. The motion was denied, and the defendant was sentenced by the newly assigned judge.

Defendant contends that the court erred in not dismissing the indictment because of the governmental misconduct. The judge to whom the case was reassigned received sentencing memoranda in proper fashion, and the defendant does not contend that the sentencing proceedings before this judge were in any manner improper. Dismissal of an indictment for governmental misconduct is not appropriate without a demonstration of actual prejudice, *U.S. v. Bell,* 776 F.2d 965, 972–73 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986); *U.S. v. Acosta,* 526 F.2d 670, 674 (5th Cir.), *cert. denied,* 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976); *U.S. v. Owen,* 580 F.2d 365, 367 (9th Cir.1978); *U.S. v. McKenzie,* 678 F.2d 629, 631 (5th Cir.), *cert. denied,* 459 U.S. 1038, 103 S.Ct. 450, 74 L.Ed.2d 604 (1982), or a substantial threat thereof; *see also U.S. v. Earley,* 746 F.2d 412, 417 (8th Cir. 1984), *cert. denied,* 472 U.S. 1010, 105 S.Ct. 2707, 86 L.Ed.2d 723 (1985); *U.S. v. Morrison,* 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981), or a pattern of widespread and continuous misconduct, *U.S. v. Brown,* 602 F.2d 1073, 1077 (2nd Cir.), *cert. denied,* 444 U.S. 952, 100 S.Ct. 427, 62 L.Ed.2d 323 (1979). None of these situations is present here. Defendant acknowledges that "there was no substantial prejudice to the Defendant." Def.Br. p. 6.

AFFIRMED.