28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William J. GREEN, Defendant-Appellant.
 No. 93-50575.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William J. Green appeals the district court's denial of his motion for a new trial following his conviction for disorderly conduct preventing normal operations in a Veterans Administration hospital in violation of 38 C.F.R. Sec. 1.218(b)(11). Green claims he is entitled to a new trial because the Assistant United States Attorney (AUSA) and others intimidated Sherry Williams, a Veterans Administration police officer, not to testify on Green's behalf. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion for a new trial. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987). "[T]here must be some prejudice to the accused [who claims witness intimidation] by virtue of the alleged acts of misconduct." United States v. Owen, 580 F.2d 365, 367 (9th Cir.1978).
 
 
 4
 Here, undisputed testimony showed that Green sought medical attention at a Veteran's Administration Medical Center (VAMC) in Los Angeles on October 8, 1991. Admissions personnel summoned VAMC police when Green became surly and uncooperative. Officers Orias and Mangalino testified that when they approached Green, he was yelling at the admissions chief, Lois Blankovitch, to get out of his face because he wanted to see a doctor. When Blankovitch asked if she could help him, he stated "you can't help me, bitch, you're not a doctor."
 
 
 5
 When the police told Green to cooperate and leave the premises, he assumed a defensive position and said he was a black belt and would not leave with a bunch of security guards. Officer Williams approached to help her colleagues restrain Green. Before he was handcuffed, Green spat in Mangolino's face. Later at police headquarters, where Green was cited for disorderly conduct, he told Lieutenant Keith Frost that he had intended to kick Mangolino in the groin. Following a hearing by a magistrate judge, Green was sentenced to 2 months' incarceration, and fined $250.
 
 
 6
 Green claims the district court should have granted his motion for a new trial on the ground that Orias, Mangolino and the AUSA tried to dissuade Officer Williams from testifying that her colleagues (1) used excessive force in arresting Green; and (2) charged Green for disorderly conduct only after they discovered his long criminal history. Williams reported these accusations verbally to Frost, but she failed to file a written statement.
 
 
 7
 At Green's trial, Williams testified the AUSA had made her feel uncomfortable when he called her on the telephone. She conceded, however, that he had encouraged her to attend the trial so that it would not have to be continued. She reported that other officers made her feel uncomfortable about testifying for Green and that Officer Mangolino told her that the AUSA said she would be "blackballed" at work. She testified nonetheless.
 
 
 8
 We uphold the district court's denial of Green's motion for a new trial. Even if the alleged misconduct affected Williams' testimony, we discern no prejudice to Green. See Owen, 580 F.2d at 367. Green was, by all accounts, boisterous and abusive before he was restrained or charged. Evidence of his conduct amply supports his conviction. There was no abuse of discretion. See Lopez, 803 F.2d at 977.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3