42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Narinder Paul Singh MAHAL, Defendant-Appellant.
 No. 94-10068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Dec. 6, 1994.
 
 Before: LAY,** PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Narinder Paul Singh Mahal appeals the district court's denial of his motion to dismiss the indictment following the revocation of his probation. Mahal pled guilty to the original indictment for creating and supplying false documents for use in making applications for special agricultural worker status. In his motion to dismiss following the revocation hearing, Mahal claimed the district court lacked jurisdiction over his indictment because the indictment was not returned in open court. The district court denied the motion after concluding the "open court" requirement was met because court was in session and the judge was present when the indictment was returned, and Mahal was not prejudiced. Mahal appeals. We affirm.
 
 
 3
 Mahal was indicted on February 2, 1989, in federal court on four counts. Specifically, he was charged with conspiracy and the substantive counts of creating and supplying false documents for use in making applications for special agricultural worker status in violation of 8 U.S.C. Sec. 1160(b)(7)(A)(ii) and 18 U.S.C. Secs. 2 and 371. The grand jury returned the indictment in a closed courtroom.[1]
 
 
 4
 On June 12, 1989, Mahal pled guilty to the substantive counts. Shortly thereafter, the court sentenced him to three years probation and ninety days confinement in a community treatment center, and fined him $5,000. On December 11 of that year, he was arrested for a probation violation and ordered detained. The next day the authorities released him from custody on $20,000 cash bond. In 1992 and 1993, Mahal's probation was extended twice. On August 11, 1993, he admitted violating his probation and was later ordered to serve seven months in custody. The district court subsequently modified the order and extended Mahal's time of surrender to January 3, 1994.
 
 
 5
 On January 7, Mahal filed a motion to dismiss his indictment, claiming the district court lacked jurisdiction because the government failed to return the grand jury indictment in open court. Mahal contended this failure violated the Fifth Amendment, Federal Rule of Criminal Procedure 6(f) ("Rule 6(f)")[2] and Local Rule 302(b)(5). The district court denied Mahal's motion on January 24, 1994, articulating a number of reasons for its decision. First, it concluded the plain meaning of "open court" encompasses either a court that is freely open to spectators or a court which merely has been formally convened and declared open for judicial business. In addition, the court concluded that the Supreme Court's standard for a valid indictment, outlined in Breese v. United States, 226 U.S. 1, 8-10 (1912), requires only that the jury foreman present the indictment to the judge while the court is in session. Furthermore, relying on United States v. Owen, 580 F.2d 365, 367-68 (9th Cir.1978), the court determined a dismissal in this context would not be appropriate because the conduct in question did not prejudice the defendant.
 
 DISCUSSION
 
 6
 We need not pass on the merits of Mahal's claim. The government urges that Mahal is procedurally barred from challenging the underlying conviction in an appeal involving probation revocation. We agree. See United States v. Simmons, 812 F.2d 561, 563 (9th Cir.1987); United States v. Lustig, 555 F.2d 751, 753 (9th Cir.1977), cert. denied, 434 U.S. 1045 (1978). A conviction only may be collaterally attacked in a separate proceeding under 28 U.S.C. Sec. 2255. Simmons, 812 F.2d at 563.
 
 
 7
 We further find that under Fed.R.Crim.P. 12(b)(2) the defendant has waived any defect relating to any irregularity pertaining to the indictment.[3] The defendant urges that his attack on the indictment is jurisdictional and can be raised at any time. Defendant confuses attacks on subject matter jurisdiction,[4] which may deprive the district court of the power to act, with constitutional irregularities which must be raised prior to trial. See Davis v. United States, 411 U.S. 233, 236-37 (1972).
 
 
 8
 On this basis, we affirm the district court's order.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mahal's attorney, Anthony P. Capozzi, alleges in his declaration that only members of the United States Attorney's office, courtroom personnel, and grand jury members were allowed to stay in the courtroom for the return
 
 
 [2]
 Rule 6(f) provides in pertinent part that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court."
 
 
 [3]
 Fed.R.Crim.P. 12(b) reads in pertinent part:
 (b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:
 * * *
 (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)....
 
 
 [4]
 See generally 8 James W. Moore et al., Moore's Federal Practice p 12.03