62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Barela CHAVARIS, Plaintiff-Appellant,
v.
G. TRUJILLO; C. Lopez; Rodrigo Brizuela, Defendants-Appellees.
 No. 94-56376.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Barela Chavaris, an inmate at the Calipatria State Prison, appeals pro se the district court's summary judgment for Correctional Officer Carlos Lopez, Supervisory Cook Rodrigo Brizuela, and Correctional Lieutenant G. Trujillo in Chavaris' 42 U.S.C. Sec. 1983 action. Chavaris alleged that his due process rights were violated at a disciplinary hearing in which prison officials found him guilty of a prison rule violation arising from an incident in which Chavaris was accused of stealing from the prison kitchen. As a result of the guilty finding, Chavaris was assessed a credit loss of thirty days. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989), cert. denied, 496 U.S. 937 (1990), and we affirm in part, reverse in part, and remand.
 
 A. Due Process
 1. Liberty interest
 
 3
 As a result of his disciplinary hearing, Chavaris was assessed the loss of thirty days credit. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court held that prison regulations that gave inmates good time credits, credits that were revocable if the prisoner was guilty of serious misconduct, created a liberty interest in a "shortened prison sentence" Id. at 557. Chavaris has a liberty interest and it must be determined if his due process rights were violated. Id. at 556-72.
 
 2. Right to call witnesses
 
 4
 Chavaris contends his due process rights were violated when he was not allowed to call certain witnesses at his disciplinary hearing. This contention has merit.
 
 
 5
 "[A]n inmate is allowed to present witnesses when to do so does not threaten institutional safety or correctional goals." Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989). If prison officials deny a prisoner's request to call a witness at a disciplinary hearing, they must provide the prisoner with an adequate justification for denying the request. Id. Here, in opposing summary judgment, Chavaris attached a declaration stating that he requested to have five inmates, who were allegedly present at the incident, testify at his disciplinary hearing. Chavaris claims that these inmates would have testified in contradiction to the testimony given by Lopez and Brizuela. The defendants claim that Chavez never made a request to call additional witnesses and therefore there was no need for them either to deny his request or give him a reason for the denial. Accordingly, a genuine issue of material fact exists, and summary judgment was improper on this issue.[1] See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (summary judgment is improper if a nonmoving party goes beyond the pleadings and designates specific facts showing a genuine issue for trial).
 
 3. Qualified immunity
 
 6
 Chavaris contends that the district court erred by holding that Lopez and Brizuela were entitled to qualified immunity. This contention lacks merit.
 
 
 7
 To determine whether an official is entitled to qualified immunity, a court must determine (1) whether the right allegedly violated was "clearly established" at the time of the alleged violation, and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993).
 
 
 8
 Assuming arguendo that Chavaris had a clearly established right, Lopez and Brizuela reasonably believed their actions were lawful in apprehending a possible thief and neutralizing a potentially violent situation. The district court did not err by holding that Lopez and Brizuela were entitled to qualified immunity. See id.
 
 B. Leave to Amend
 
 9
 Chavaris contends that the district court erred by denying his motion to file a second amended complaint. This contention lacks merit.
 
 
 10
 We review the denial of a motion for leave to amend a complaint for abuse of discretion. National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir. 1993). Leave to amend may be denied if amendment would be futile. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).
 
 
 11
 Chavaris sought to amend his complaint by adding three prison officials as defendants in their capacities as supervisory officials.[2] Here, amendment of Chavaris's complaint to add these defendants would have been futile because section 1983 does not impose liability upon state officials for the acts of their subordinates under the doctrines of vicarious liability or respondeat superior. See Rise v. State of Oregon, No. 93-35521, slip op. 8687, 8702 (9th Cir. July 18, 1995); Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir. 1993).
 
 C. Writ of Habeas Corpus Ad Testificandum
 
 12
 Chavaris contends that the district court erred by denying his writ of habeas corpus ad testificandum. Chavaris sought to have certain inmates testify before the district court in support of his section 1983 action.
 
 
 13
 We review the denial of a writ of habeas corpus ad testificandum for abuse of discretion. United States v. Smith, 924 F.2d 889, 896 (9th Cir. 1991); United States v. Owen, 580 F.2d 365, 368 (9th Cir. 1978). Chavaris failed to indicate the relevance of the inmates' testimony. He only stated that the inmates were necessary and that their testimony possessed probative value. Therefore, the district court did not abuse its discretion when it denied Chavaris's writ of habeas corpus ad testificandum. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).
 
 
 14
 The district court did not err in granting summary judgment for Lopez and Brizuela because they were entitled to qualified immunity. Summary judgment for Trujillo, however, was improper because of the existence of a genuine issue of material fact. Finally, the district court did not err by denying Chavaris's request for leave to amend his complaint and his writ of habeas corpus ad testificandum.
 
 
 15
 AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 If it is established that the defendants denied Chavari's request to call witnesses, the defendants may still have satisfied due process, if they provided Chavaris with an adequate justification for denying the request. See Bostic, 884 F.2d at 1274. Since there remains a genuine issue of material fact as to whether Chavaris made and defendants denied this request, this issue is not before us on appeal
 
 
 [2]
 These proposed defendants were K.W. Prunty, Warden of Calipatria State Prison, E. Quabner, Correctional Counselor and Classification Committee at Calipatria State Prison, and H. Grant, Supervisor and Classification Committee Member at Calipatria State prison