

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-10619 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01729-CKJ-DTF-1 |
| v. | |
| RAFAEL GUZMAN-SOLIS, AKA Rafael Bugas Guzman, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-10620 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-01696-CKJ-DTF-1 |
| v. | |
| RAFAEL GUZMAN-SOLIS, AKA Rafael Bugas Guzman, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 15, 2016[]
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and EZRA,[***] District Judge.

Rafael Guzman-Solis appeals his conviction for illegal reentry after deportation, and the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of this case, we need not recount it.

I

The district court did not err in denying Guzman-Solis's request for a *Kastigar* hearing on the improperly recorded attorney-client meeting. Under our precedent, Guzman-Solis had the burden to establish a prima facie case of prejudice resulting from the intrusion. *United States v. Danielson*, 325 F.3d 1054, 1071 (9th Cir. 2003). To make out a prima facie case under *Danielson*, he had to show that the government acted affirmatively to intrude into the attorney-client relationship; passive possession of information is not enough. *Id.* The district court reasonably found, based on evidence in the record, that the government's

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

recording of the attorney-client meeting was inadvertent and that no members of the prosecution team learned the contents of the privileged conversation. As a result, it did not abuse its discretion in declining to hold a *Kastigar* hearing or in declining to shift the burden to the government. *See United States v. Anderson*, 79 F.3d 1522, 1525 (9th Cir. 1996).

The district court also did not err in declining to grant the motion to dismiss the indictment based on due process grounds. *See United States v. Black*, 733 F.3d 294, 301 (9th Cir. 2013) (stating standard of review is de novo). "To violate due process, governmental conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice," *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (1991) (citing *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991)), and to "absolutely bar the government from invoking judicial processes to obtain a conviction." *Black*, 733 F.3d at 302.

Guzman-Solis failed to meet this "extremely high standard." *See Id.* at 298. Guzman-Solis was not prejudiced by the recorded conversations or by the government's use of an improper process to obtain his medical records. *Danielson*, 325 F.3d at 1069 (clarifying there is no Sixth Amendment violation unless there is "substantial prejudice"); *see also Unites States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985) (citing *United States v. Sears, Roebuck & Co., Inc.*, 719

3

F.2d 1386, 1391–92 (9th Cir. 1983), *cert. denied*, 465 U.S. 1079 (1984); *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978)) (stating "an indictment may not be dismissed for governmental misconduct absent prejudice to the defendant").

II

The district court did not abuse its discretion by declining to use its supervisory powers to dismiss the indictment. *See Black*, 733 F.3d at 301 (stating standard of review is abuse of discretion). The government's conduct, even if improper, was not so "patently egregious" as to warrant dismissal of the indictment against Guzman-Solis. *See Unites States v. Rogers*, 751 F.2d 1074, 1080–81 (9th Cir. 1985). Moreover, Guzman-Solis did not show that he was prejudiced by the government's possession of the recorded conversations or by the government's failure to use the proper process to obtain his medical records.

III

The district court did not err in denying the motion for acquittal. In reviewing a district court's denial of a motion for judgment of acquittal based on insufficient evidence of identification, we apply the same test that the district court must employ in deciding whether to grant the motion in the first instance. *United States v. Alexander*, 48 F.3d 1477, 1489–90 (9th Cir. 1995) (citing *United States v. Lucas*, 963 F.2d 243, 247 (9th Cir. 1992); *United States v. Kaplan*, 554 F.2d 958,

4

963 (9th Cir. 1977), *cert. denied sub nom. Dolwig v. United States*, 434 U.S. 956 (1978); *United States v. Leal*, 509 F.2d 122, 125 (9th Cir. 1975)).

"A motion for judgment of acquittal should be granted only if, viewing the evidence in the light most favorable to the government, no rational trier of fact could find beyond a reasonable doubt that the defendant is the person who committed the charged crime." *Id*. at 1490 (citing *Lucas*, 963 F.2d at 247). We draw all reasonable inferences that can be drawn from the evidence in favor of the government. *Id*. "[I]n-court identification by a witness is not necessarily required" if "the evidence at trial is sufficient to permit the inference that the person on trial was the person who committed the crime." *Id*. (citing *United States v. Fern*, 696 F.2d 1269, 1276 (11th Cir. 1983)).

Viewing the evidence in the light most favorable to the government and crediting the government with all the inferences that can be drawn from the evidence, a rational trier of fact could find beyond a reasonable doubt that Guzman-Solis is the person who committed the charged crime.

**AFFIRMED.**