NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10217 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00855-RCC-BGM-1 |
| v. | |
| ALFREDO ENOS LANDEROS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted September 12, 2018
San Francisco, California

Before:  BERZON, RAWLINSON, and WATFORD, Circuit Judges.

Alfredo Landeros appeals the district court's denial of his motion to dismiss the indictment based on police officers' alleged abuses after Landeros's arrest.[1] We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Appellant also challenges the district court's denial of his motion to suppress. We address that challenge in a concurrently-filed opinion.

"[T]he court may exercise its inherent, supervisory powers to dismiss an indictment because of outrageous government conduct." *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991) That said, "[b]ecause it is a drastic step, dismissing an indictment is a disfavored remedy," *United States v. Rogers*, 751 F.2d 1074, 1076 (9th Cir. 1985), appropriate only where prosecutor or law enforcement misconduct was "patently egregious" or "flagrant." *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988) (per curiam); *Rogers*, 751 F.2d at 1080. The misconduct must also be prejudicial. *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978).

Whether or not Landeros could establish that the officers' actions constituted unreasonable force for purposes of a 42 U.S.C. § 1983 action like those he cites, *see, e.g.*, *Muehler v. Mena*, 544 U.S. 93, 102 (2005), the alleged abuses do not rise to the level of egregiousness required under this circuit's precedent to dismiss the indictment, especially given that Landeros did not seek medical attention upon arrival at the detention center after his arrest.

**AFFIRMED as to the issue covered by this disposition.**

2